NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SELENE FUMIE STEWART, | No. 22-15315 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-07674-EMC |
| v. | |
| DEPARTMENT OF CONSUMER AFFAIRS OF CALIFORNIA; CALIFORNIA BOARD OF VOCATIONAL NURSES AND PSYCHIATRIC TECHNICIANS; DEPARTMENT OF HEALTH CARE SERVICES, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted June 26, 2023**

Before:     CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Selene Fumie Stewart appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging various constitutional claims. We

_____

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Stewart's equal protection and procedural due process claims because Stewart failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (holding that although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); see *also Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (setting forth pleading requirements for equal protection claim); *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (setting forth elements of procedural due process claim).

In her opening brief, Stewart fails to address the grounds for dismissal of her claims that arose prior to September 30, 2019 and has therefore waived her challenge to the district court's determination that those claims are untimely. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

We do not consider arguments and allegations raised for the first time on

22-15315

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**